UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TABITHA M. MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| UNITED STATES OF AMERICA, | § | SA-07-CV-0254 NN |
| | § | |
| Defendant. | § | |

### ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

The purpose of this order is to deny plaintiff Tabitha Molina's motion[1] to strike late and substantive changes to a deposition by expert witness Dr. David L. Gregg. The defendant—the United States of America (the Government)—designated Dr. Gregg as a testifying expert.[2] Dr. Gregg is expected to testify that the surgeons who conducted Molina's surgery—the incident at the center of this dispute—met the standard of care in treating Molina. After reviewing his deposition, Dr. Gregg made changes to the original transcript, marking the changes on an attached errata sheet.

In her motion, Molina asked the court to strike Dr. Gregg's changes for two reasons: (1) the changes were untimely under Rule 30(e) of the Federal Rules of Civil Procedure, and (2) the changes were substantive in nature. Rule 30(e) provides for changes to a deposition. As Molina indicates,[3] the courts are split in their interpretations of the rule's 30-day time period for making changes and the rule's language regarding "changes in form or substance."[4] Although some courts

---

[1] Docket entry # 25.

[2] Docket entry # 26, p. 11.

[3] Docket entry # 29.

[4] The split of authority is discussed in section 30.60 of *Moore's Federal Practice 3d.*

have viewed the 30-period as controlling, the court finds that the Government's explanation[5] for the delay here does not justify striking the changes.  In addition, the court declines to follow the line of authority limiting changes to depositions so severely as to strike Dr. Gregg's changes.  Dr. Gregg's changes are not so wide-ranging as to constitute a pronounced or substantial alteration of his original expert opinion,[6] nor has it been established that the changes clearly contradict Dr. Gregg's remaining deposition testimony.  Judge Biery's decision in *Innovative Marketing and Technology v. Norm Thompson Outfitters*[7] is compelling.  I agree with that decision and others leniently interpreting Rule 30(e).  Consequently, I DENY Molina's motion to strike the changes (docket entry # 25).

Molina, however, is permitted to introduce Dr. Gregg's original deposition testimony[8]—that testimony remains part of the record.  Further, the court will consider a motion to continue the trial date if Molina desires to reopen the deposition to further cross examine Dr. Gregg about his changes.

**SIGNED** on June 4, 2008.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[5] *See* docket entry # 28.

[6] *See* docket entry # 19, attach. 3.

[7] 171 F.R.D. 203 (W.D. Tex. 1997).

[8] *See* docket entry # 29, ¶ 6 (asking to present Dr. Gregg's sworn video testimony in its original form).