UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TABITHA M. MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| UNITED STATES OF AMERICA, | § | SA-07-CV-0254 NN |
| | § | |
| Defendant. | § | |

## ORDER ON COSTS FOR EXPERT DEPOSITION

This order addresses plaintiff Tabitha Molina's motion for the cost of deposing her expert, Dr. Clay Skinner.[1] Relying on Rule 26 of the Federal Rules of Civil Procedure, Mrs. Molina asks for the amount of $10,125.00. This amount includes 21 hours for case review, one-half hour to confer with Mrs. Molina's attorney, eight hours reserved for the deposition, and three hours to review and notarize the deposition.

> [Rule 26(b)(4)(C)] provides that if a court allows the deposition of an expert who will testify at trial, the court must order the discovering party to compensate the expert for his time, unless "manifest injustice would result." Additionally, the court has discretion to order the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.[2]

The defendant—the Government—does not dispute that Mrs. Molina is entitled to the cost of deposing Dr. Skinner, but maintains that $10,125.00 is not "reasonably incurred" because the deposition took only three hours.[3]

---

[1] Docket entry # 46.

[2] *Knight v. Kirby Inland Marine*, 482 F.3d 347, 356 (5th Cir. 2007).

[3] Docket entry # 51.

"Rule 26(b)(4)(C) limits discovery costs to those 'reasonable' fees spent responding to discovery. When parties submit their discovery costs, the district court has discretion to limit or alter those costs if they appear to be unreasonable."[4] Rule 26(b)(4)(C) is clear about Mrs. Molina's entitlement to the cost of the three hours of the deposition, and defendant agrees that some of Dr. Skinner's preparation time is compensable. However, defendant opposes reimbursement for the eight hours Dr. Skinner set aside for the deposition when the examination consumed only three hours, and further objects to a fee based on 21 hours of preparation time.

The court agrees that the fee sought is unreasonable. There is no authority that would support the award of a fee for time set aside for a deposition, particularly when there is no evidence that Dr. Skinner was unable to do other work when the deposition concluded after just three hours. Furthermore, at trial Dr. Skinner testified that he performs about 100 laparoscopic cholecystectomies each year and that he has performed about 2,000 of the procedures during his career as a surgeon. It is unreasonable that a surgeon with such experience requires 21 hours to prepare for a deposition for a case in which he had already prepared an expert report. Dr. Skinner was noticed for his deposition on November 14, 2007—11 months after he completed his expert report. It is reasonable that after 11 months Dr. Skinner needed to review Mrs. Molina's medical records to prepare for the deposition, but 21 hours is unreasonable because Dr. Skinner was already familiar with Mrs. Molina's case and had already familiarized himself with the applicable medical literature when writing his expert report. Quantifying a reasonable amount of time is difficult, but Rule 30 of the Federal Rules of Civil Procedure is instructive. Because Rule 30 limits a deposition to seven hours, Dr. Skinner could reasonably expect to

---

[4]*Knight*, 482 F.3d at 356.

testify for up to seven hours. Spending seven hours to prepare for seven hours of testimony is not unreasonable.[5] Further, conferring with Mrs. Molina's attorney in preparation for the deposition for thirty minutes is not unreasonable. For these reasons, I conclude that Mrs. Molina is entitled to the cost of three hours for deposition testimony, seven hours for preparation, and one-half hour to confer with the attorney regarding the deposition.

Mrs. Molina is also entitled to the cost of Dr. Skinner's review of the transcript of the deposition because Rule 30(e) entitles a deponent to review the transcript of his deposition and to make changes, and Rule 26(b)(4)(C) allows for reimbursement for the "time spent in responding to discovery under this subdivision." Although it may take less time to review the transcript of a three-hour deposition than it takes to testify for three hours, an hour-for-hour review is not unreasonable.

Beyond the costs discussed above, Mrs. Molina's request is unreasonable. I therefore GRANT her motion (docket entry # 46) in part and DENY her motion in part as indicated below.

I grant Mrs. Molina's request for compensation for three hours of deposition testimony at Dr. Skinner's billed rate of $500.00/hour.

I grant Mrs. Molina's request for seven hours of preparation time at Dr. Skinner's billed rate of $250.00/hour.

I grant Mrs. Molina's request for one half hour to confer with her attorney at Dr. Skinner's billed rate of $250.00/hour.

---

[5] *See Collins v. Village of Woodridge*, 197 F.R.D. 354, 358 (N.D. Ill. 1999) (ratio of one and one half times the length of the deposition was reasonable preparation time; three-to-one ratio was not). *See also Rogers v. Penland*, 232 F.R.D. 581, 582 (E.D. Tex. 2005) ("each expert might spend a great deal of time reviewing documents, or formulating opinions, but the Rule does not require the opponent pay for that. Therefore, fees will be awarded only for time clearly spent in preparation....")

I grant Mrs. Molina's request for three hours of deposition review at Dr. Skinner's billed rate of $250.00/hour.

I ORDER the government to pay Mrs. Molina a total of $4,125.00.

**SIGNED** on August 11, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE